IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EDDIE E. ABRAM, | ) | 4:14CV3123 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| FREEBORN, Nurse, | ) | |
| | ) | |
| Defendant. | ) | |

This matter represents one of 18 cases filed by Plaintiff Eddie Abram on May 22, 2014, concerning prison conditions at Tecumseh State Correctional Institution ("TSCI") in Tecumseh, Nebraska. This court has given Abram leave to proceed in forma pauperis in this matter. (Filing No. 8.) The court now conducts an initial review of Abram's Complaint (Filing No. 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. SUMMARY OF COMPLAINT

Abram is incarcerated at the Lincoln Correctional Center in Lincoln, Nebraska. However, he was incarcerated at TSCI when he filed this action. He named Nurse Freeborn, a nurse at TSCI, as a defendant in this matter. Abram set forth the following allegations in his Complaint:

> On 1/25/14 I wrote a emergency grievance about me having back spasms, lower back pain, chest pain and asked for them to check my blood sugar and give me a breathing treatment. Nurse Freeborn claimed there was nothing wrong me. All she did was check my lungs. She (Nurse Freeborn) didn't do anything asked her for. . . .

(Filing No. 1 at CM/ECF pp. 4-5.) As relief, Abram seeks money damages in the amount of $10,000. (*Id.* at CM/ECF p. 6.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state

law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

Liberally construed, Plaintiff alleged Freeborn was deliberately indifferent to his serious medical needs in violation of his rights under the Eighth Amendment.

A prison official's deliberate indifference to a prisoner's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). A plaintiff must show "prison officials actually knew of but deliberately disregarded" the prisoner's objectively serious medical needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). To state a claim of inadequate medical treatment for purposes of § 1983, "'a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.'" *Alberson v. Norris*, 458 F.3d 762, 765 (8th Cir. 2006) (quoting *Estelle*, 429 U.S. at 106)). "The plaintiff 'must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation.'" *Id.* (quoting *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)).

Here, Plaintiff alleged he complained about back and chest pain. In response to his complaints, the nurse at TSCI refused to provide Plaintiff with the specific treatment he requested (i.e., a blood-sugar test and breathing treatment). Instead, she checked his lungs and advised there was nothing wrong with him. Plaintiff's allegations show a mere disagreement with a treatment decision, which does not give rise to a constitutional violation. On the court's own motion, Plaintiff will be given an opportunity to file an amended complaint that states a plausible Eighth Amendment claim against Freeborn.

It appears Plaintiff may have also intended to allege state law claims for medical negligence. Pending amendment of the Complaint, the court makes no determination with respect to its jurisdiction over any such claims.

IT IS THEREFORE ORDERED that:

1. On the court's own motion, Abram shall have 30 days to file an amended complaint that states a claim upon which relief can be granted. Failure to file an amended complaint will result in dismissal of this action for failure to state a claim.

2. The clerk's office is directed to set a pro se case management deadline in this case using the following text: April 27, 2015: Check for amended complaint.

DATED this 25th day of March, 2015.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.